Joan Ivette Del Valle, Attorney, Law Office of Joan Del Valle, Los Angeles, CA, for Petitioner

OIL, Briena Strippoli, Esquire, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

MEMORANDUM **

Abraham Uribe, a native and citizen of Mexico, petitions for review of the Board

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of Immigration Appeals' order dismissing his appeal from an immigration judge's denial of his motion to terminate proceedings. We dismiss the petition for review.

We lack jurisdiction to consider Uribe's unexhausted contentions regarding the effect of California Penal Code § 1203.43 on his controlled substance conviction. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented to the agency in the alien's proceedings).

We also lack jurisdiction to review Uribe's request for remand for purposes of seeking a favorable exercise of prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DISMISSED.**

**UNITED STATES of America, Petitioner-Appellant,**

v.

**SANMINA CORPORATION AND SUBSIDIARIES, Respondent-Appellee.**

**No. 15-16416**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted August 16, 2017 San Francisco, California

Filed December 20, 2017

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Deborah Krauss Snyder, Esquire, Attorney, Francesca Ugolini, Attorney, DOJ—U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, for Petitioner-Appellant

Michael Clifford Lieb, Attorney, Ervin Cohen & Jessup LLP, Beverly Hills, CA, Edward T. Attanasio, Deputy General Counsel for Litigation, Sanmina Corporation, San Jose, CA, for Respondent-Appellee

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and WATTERS,* District Judge.

## MEMORANDUM **

The United States (the Government) appeals the district court's denial of its petition to enforce a summons against taxpayer Sanmina Corporation (Sanmina). In connection with an investigation into Sanmina's 2009 federal income tax liabilities, Sanmina submitted a valuation report prepared by the law firm DLA Piper to support a claimed deduction. The report referenced memoranda from 2006 and 2009 as support for its conclusion that an asset lacked economic significance and should be disregarded. The Internal Revenue Service (IRS) sought the referenced memoranda via summons. Sanmina refused to provide the memoranda, invoking the attorney-client, work-product, and tax-practitioner privileges.

The Government filed a petition in the federal district court to enforce the summons. Sanmina responded that the attorney-client and work-product privileges shielded the two memoranda from disclosure. The district court declined to review the memoranda *in camera* and ruled in favor of Sanmina, holding that the attorney-client privilege protected both the 2006 and the 2009 memoranda. The court held that Sanmina did not waive the attorney-client privilege when it provided the memoranda to DLA Piper. The district court also ruled that Sanmina's disclosure of DLA Piper's Valuation Report to the IRS did not result in waiver, because "DLA Piper's mere mention of the existence of the memoranda did not summarize or disclose the content of the memoranda."

Our resolution of this case would be greatly facilitated by a more informed analysis from the district court. More specifically, we prefer the district court review the documents *in camera* and reconsider its ruling on the asserted privileges following its review of the pertinent documents. *See United States v. Richey*, 632 F.3d 559, 568 (9th Cir. 2011) (remanding to the district court to conduct an in camera examination of the materials summoned by the IRS in order to determine which data and materials, if any, were protected from disclosure). Accordingly, we vacate and remand this case for the district court to review the 2006 and 2009 memos *in camera* to determine whether the documents requested by the government are privileged to any degree. This panel retains jurisdiction over this appeal.

**VACATED AND REMANDED.**

---

* The Honorable Susan P. Watters, United States District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.